IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-11401
_____


RANDOLPH VINTON HAAS,

                              Plaintiff-Appellee,

versus

S.O. WOODS, JR.; ET AL,

                              Defendants,

S.O. WOODS, JR.; VICTOR RODRIGUEZ;
BRYAN COLLIER,

                              Defendants-Appellants.


_____

Appeal from the United States District Court
For the Northern District of Texas
(3:99-CV-2734-D)
_____

November 7, 2002

Before KING, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

     As a sanction for a discovery violation, the trial judge
struck defendants' motion for summary judgment based on qualified
immunity and ordered the case to trial.  The magistrate judge
volunteered that the ruling would not bar its consideration of
defendants' claim in a motion for judgment as a matter of law.

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

The discovery issue arose when defendants produced material documents on the day the plaintiff's response to defendants' motion for summary judgment was due, production that had been ordered at an early stage in discovery. At a hearing of plaintiff's motion for sanctions the magistrate judge concluded that the late production prejudiced the plaintiff and frustrated its "efficient" handling of the motion for summary judgment. Impatient with this development he stated:

> But the reality of this case and the way it's progressed is that, quite frankly, folks, I can try this thing faster than I can messing around with the summary judgment evidence and all the fallout caused by the failure to timely produce these documents. We will proceed to trial, and we will proceed to trial promptly.

There had been no previous sanctions or warnings, and the failure to produce was not found to have been willful. Nor is it clear that the late production materially delayed consideration of the motion for summary judgment. Moreover, the order ignored the realities of its ruling – producing this appeal and possibly a second before any "prompt" trial could be held. Significantly, the magistrate judge failed to consider sanctions less severe than denying a component of the defense – freedom from trial itself. For example, if punishment was the objective, the obvious response would have been to order that defendants bear the expense of any additional discovery occasioned by the late production. And as we observed, if avoiding delay in trying the case was the objective,

the chosen sanctions had the opposite effect of protracting what should have been a simple matter.  It was the judge's obligation to consider the least severe and effective sanction.  The record does not reflect that this was done.  And on its face striking the defendants' motion for summary judgment based on qualified immunity defense is disproportionate to the discovery error.

We vacate the order dismissing in part the defense of qualified immunity and remand the case for further proceedings.  This includes the determination of an appropriate sanction, any additional discovery, and consideration of any motion for summary judgment asserting the defense of qualified immunity.

VACATED and REMANDED.

3